CRUZ, APPELLANT, v. REGISTRAR OF SAN GERMÁN, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Cancel a *Lis Pendens* Notice.

No. 570.—Decided June 12, 1923.

RECORD OF TITLE—CANCELATION—NOTICE LIS PENDENS.—An order striking out certain matter from a complaint which gave rise to a *lis pendens* notice in connection with property recorded in the name of the defendant can not serve as a basis for the cancelation of the notice, inasmuch as the order is not final.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Miguel Vargas, in an action entitled "Filiation, Nullity of a Decree of Heirship and Recovery of an Inheritance," alleged in substance:

As a first cause of action, that the defendant Sofía Esperanza is an acknowledged natural child of Avelino Cruz, deceased, and had been decreed to be his sole and universal heir, and other facts, sufficient, if true, to establish the status of plaintiff as an acknowledged natural child of Avelino Cruz.

As a second cause of action, in addition to the foregoing, that the defendant Sofía Esperanza maliciously filed in the District Court of Mayagüez a petition for a decree of heirship and, in bad faith, demanded that she be declared the sole and universal heir of Avelino Cruz, knowing of the existence of plaintiff as an acknowledged natural child of the deceased Avelino Cruz, and seeking by such means to despoil plaintiff of his hereditary rights.

As a third cause of action, in addition to the matters already mentioned, and in a paragraph numbered seven, that Avelino Cruz, author of both plaintiff and defendant, died intestate, leaving a considerable estate approximating in

value a total of $300,000 and consisting of property described in detail in the complaint; and

As a fourth cause of action, after reference to and adoption of previous averments, that as plaintiff is informed and believes, defendant Esperanza Cruz, under the advice and influence of her husband, Salomón Costa, by means of misrepresentations to Avelino Cruz y Toro, a man who did not know how to read or write and who was completely ignorant of the law, and by inculcating in him the fear that he ran the risk of losing all the rural properties in excess of five hundred acres of land belonging to him because there was a statute forbidding any and all persons to own more than five hundred acres, knowing that the plaintiff continued in the enjoyment of the civil status of acknowledged natural child of Avelino Cruz y Toro and that he was a forced heir of the latter, in bad faith and with intent to defraud him of his inheritance, by the aforesaid means induced the said Avelino Cruz y Toro to execute in her favor deeds of gift of the following properties (describing them).

The prayer was for a judgment (1) decreeing the plaintiff, Miguel Vargas, to be the acknowledged natural child of Avelino Cruz y Toro with the right to bear his surname, and all other legal pronouncements common in such cases; (2) declaring that plaintiff Miguel Vargas is a forced heir of Avelino Cruz y Toro, with the right to succeed to his inheritance in the same proportion as the defendant Esperanza Cruz; (3) that steps be taken to appoint a partitioner in order to effect the partition of the estate left at the decease of Avelino Cruz y Toro in equal shares between the plaintiff and the defendant; (4) decreeing the nullity of all the gifts of properties made to defendant Esperanza Cruz and recited in the fourth cause of action, and ordering the collation of all these properties into the common mass of the property constituting the intestate estate of Avelino Cruz y Toro.

An order sustaining in part and overruling in part a motion to strike, contains the following paragraphs:

"The court grants the motion to strike paragraph 7 from the third cause of action set up in the complaint, on the ground that the same is immaterial, irrelevant and impertinent as to the facts upon which the plaintiff's causes of action are based.

"The court grants the motion to strike paragraph 7 from the fourth cause of action beginning with line 13 on said page, commencing thus, 'That Avelino Cruz y Toro executed in his favor deeds of gift of the following properties,' and all the rest of said paragraph covering the description of six properties, inasmuch as such allegations are immaterial, irrelevant and impertinent as regards the facts upon which the cause of action relied on by the plaintiff is based, and because until the filiation sought has been decreed by final judgment, the nullity of deeds of gift which the ancestor made of his own property can neither be pleaded nor prayed for, and because there is no ground, *a priori,* for deciding whether such gifts fall within or without the portion that may be freely disposed of or within or without the defendant's hereditary portion of the estate of her father, Avelino Cruz y Toro. The plaintiff is granted a period of twenty days in which to amend his complaint."

An amended complaint omitted the matters so stricken and prayed for a judgment (1) declaring the plaintiff Miguel Vargas to be the acknowledged natural son of Avelino Cruz y Toro with the right to bear his surname; (2) decreeing the nullity of the declaration of heirs in favor of Esperanza Cruz y Toro as acknowledged natural daughter of Avelino Cruz y Toro, and that the plaintiff is the forced heir of the latter with the right to succeed him in the inheritance in the same proportion as the defendant Esperanza Cruz.

Thereupon defendant presented to the registrar of property a certified copy of the pleadings and order above mentioned and demanded cancellation of a notice of *lis pendens* obtained by plaintiff upon filing the original complaint.

The registrar refused to make the cancellation because

"the said certificate does not constitute a valid title of extinguishment of the rights of the plaintiff entered according to law, that is, pursuant to the provisions of section 91 of the Code of Civil Procedure, inasmuch as the cancellation of the said entries prayed for has not been directed by any executory order from which no appeal is pending, in violation of articles 82, 83, 85 and 90 of the Mortgage Law and subdivision 1 of article 140 of its Regulations."

Appellant, after pointing out the alleged inapplicability of a number of the statutory provisions cited by the registrar, calls attention to the fact that article 85 of the Mortgage Law, in the second paragraph thereof, provides that "If the entry has been made without a public document, and it is to be canceled without converting it into a definite record, the cancellation may also be made by means of documents similar to those which were presented when the entry was requested."

Next it is urged that articles 42 of the Mortgage Law and 140 of the Regulations refer only to actions involving real property or real property rights and that this is a purely personal action; that the elements purporting a different aspect having been improperly imported into the original complaint and stricken therefrom and plaintiff having been obliged to file an amended complaint omitting the averments so stricken, defendant is entitled to a cancellation of the cautionary notices upon the presentation of documents of a character similar to that by virtue of which such entries were made, regardless of what the final result of the pending action may be.

And, going a step further, appellant insists that, in the circumstances of this case, the registrar should never have made the entries at all. That might be true if it were perfectly clear that the original complaint stated nothing more than a purely personal cause of action, notwithstanding the averments later eliminated by the court.

But the entries were made, and whether the action so taken by the registrar was right or wrong, it resulted in the establishment of a local status upon the face of the record which can be modified only in some one of the ways prescribed or recognized by law, but not, in any event, by the registrar of his own initiative or otherwise merely because, upon further reflection, he might conclude that the entries had been improperly or erroneously made. The original complaint upon its face involved the title to real estate and was accepted by the registrar at its face value. The effect of a notice of *lis pendens* is not ordinarily destroyed by an amendment of the complaint. *Brook* v. *Pearson*, 87 Cal. 581.

In the case at bar the amended complaint, accompanied by the order of the court, *supra,* presented by defendant, was not, at least in one very important respect, the same kind of a document as the original pleading tendered by plaintiff in the first instance. The original complaint was a spontaneous statement of plaintiff's various causes of action, asserting his rights as he conceived them to be. The amended complaint was a pleading filed in order to meet the views of the trial court expressed in a ruling adverse to plaintiff and in favor of the defendant upon a motion to strike certain matters from the original pleading. In the event of a judgment for plaintiff on the merits of the amended complaint he would be in a position at once to assert the rights set up in the stricken averment, although this is, perhaps, a circumstance of somewhat doubtful value. In the absence of any showing by appellant to the contrary, however, we may assume for the purposes of this opinion that on appeal from an adverse judgment in the district court plaintiff would be entitled to have the ruling on the motion to strike reviewed, and, if erroneous, reversed. It follows that the ruling relied upon by appellant is not necessarily final, nor is the situation, as determined

by the scope of the amended complaint, of necessity permanent in its nature.

There is, of course, or ordinarily would be, a strong presumption in favor of the correctness of the ruling on the motion to strike, but that presumption is not conclusive and therefore cannot affect the question now before us. As long as the action taken by the district court judge is open to possible revision on appeal, it cannot be treated as final, nor can the final result be anticipated by the registrar.

Even otherwise, a registrar might find some embarrassment in adopting appellant's theory of the matter, in the face of the doctrine announced by this court in *Orta* v. *Arzuaga,* 23 P. R. R. 241. In that case, with but one dissenting vote, it was said at page 249 that "in substance every action of filiation generally involves the recovery, immediate or remote, of some property, which fact is even more evident in this particular case where the plaintiff-appellant alleges in his complaint, as stated at the beginning of this opinion, that a part of his father's estate, consisting mostly of real property, is situated in the municipal districts of Carolina and Loíza, and that the defendants, who are the heirs named by Arzuaga in his will, refuse to acknowledge the plaintiff as the natural child of Arzuaga and oppose his using his father's surname or entering into possession of the property which constitutes his inheritance."

We need not discuss at this time either the merits of the conclusion so reached, or the effect thereof upon the ruling of the court below, or the bearing that such a proposition may have upon the question of *lis pendens.*

It is enough that the suit referred to in the cautionary notices filed in the registry of property is still pending, that the amendments made in order to conform to a ruling which is not necessarily final but may or may not be reviewed and affirmed or reversed on appeal, do not amount

to an abandonment or waiver of the rights asserted in the original complaint upon which the entries were based. And even the amended complaint, assailing as it does the decree of heirship, seems to strike directly at the root of defendant's title derived by inheritance from her father.

The ruling appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.